No. 446
STANLEY v. STATE
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5783. Decided Feb. 23, 1925.

661. INTOXICATING LIQUORS—1 When there has been a seizure of, with a search warrant, so called owner must file a petition before trial day demanding the return of, in order to exclude from trial such liquor, as evidence.

2. This procedure is separate and distinct from the trial proper.

SULLIVAN, J.

Edward Stanley was hailed in the Cleveland Municipal Court and tried on a charge of having intoxicating liquors unlawfully in his possession. He filed a petition demanding the return of the liquor, setting up his title and ownership therein, because of the purchase thereof before the passage of the prohibition act. Trial was had and Stanley was found guilty as charged in the affidavit. Error was prosecuted and he contended that the court erred in admitting in the trial proper, evidence which was brought out in the hearing of his petition to have the liquor returned. Stanley claimed that to do this was error, as the petition demanding the return of the liquor was entirely independent of the trial of the case upon its merits.

In affirming the judgment of the lower court, the Court of Appeals held:

1. It is true that if the defendant does not avail himself of such demand, motion, or petition, asking for the return of the liquor, he cannot be heard to object generally to its introduction in the trial of the case.

2. Evidence on the motion, or petition, cannot be used in order to determine whether the accused is guilty under the affidavit or indictment even though heard, unless it has been re-offered.

3. Court committed error in so admitting evidence and it is only saved if, without the evidence on the motion, there is sufficient competent evidence of a nature independent to that bearing on the motion, to warrant a conviction.

4. There is creditable evidence to support the judgment of the court with respect to the charge of having unlawful possession of intoxicating liquor. Judgment affirmed.

Attorneys—J. L. Lind, for Stanley; J. F. Smith, for State; both of Cleveland.